

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~JOHN DEN SHEPPERD~~
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable John Atchison
County Attorney
Gainesville, Texas

Dear Sir:

Opinion No. O-2187
Re: Situation resulting from an independent school district election for two trustees, when one candidate receives 74 votes, two others 70 each and a fourth 41.

   In your letter of April 8, 1940, you advise us of the following facts:

   "Valley View Independent School District of Cooke County is located south of Gainesville and comprises the unincorporated town of Valley View together with one or more communities outside said town. It has less than 500 scholastics.

   "An election was held in said independent school district on Saturday, April 6, 1940, for the purpose of electing two school trustees. There were four candidates whose names were regularly carried on the ballot. One received 74 votes, two received 70 votes each, and the fourth received 41 votes."

   You request our opinion as to whether (1) the man receiving 74 votes has been elected, (2) in what manner should the still remaining vacancy or vacancies be filled, that is whether by appointment or special election, and (3) if a new election is to be held whether the names of new candidates should be permitted on the ballot.

   Article 2746a, Vernon's Civil Statutes, reads in part:

   "All of the ballots for the election of a school trustee in common school districts and in independent school districts having fewer than five hundred (500) scholastics as shown by the last preceding scholastic census roll approved by the State Department of Education and exclusive of transfers shall be printed with black ink on clear white paper of sufficient thickness to prevent the marks thereon being seen through the paper, and be of uniform style and dimension; at the top of the ballot, there shall be printed 'Official Ballot, _____ Independent School District,' the number or name of the school district in which the

election is to be held to be filled in by the judge of the county when he orders the ballots printed. Any person desiring to have his name placed on said official ballot, as a candidate for the office of trustee of a common school district or of an independent school district as herein provided shall, at least ten days before said election, file a written request with the county judge of the county in which said district is located, requesting that his name be placed on the official ballot, and no candidate shall have his name printed on said ballot unless he has complied with the provisions of this Act; provided that five or more resident qualified voters in the district may request that certain names be printed. The county judge, upon receipt of such written request, and at least five days before the election, shall have the ballots printed as provided in this Act, placing on the ballot the name of each candidate who has complied with the terms of this Act, and deliver a sufficient number of printed ballots and amount of supplies necessary for such election to the presiding officer of the election at least one day before said election is to be held, said election supplies, ballots, boxes, and tally sheets to be delivered by the county judge by mail or in any other manner by him deemed best, to the presiding officer of said election in sealed envelopes which shall not be opened by the election officer until the day of the election. . . ."

The statutes relating specially to trustees for such districts as the one in question contain no provisions covering the first and second questions. Hence the problem will be controlled by the general election laws. Scherz vs. Telfer, 74 S.W. (2) 327.

Article 2953 and the first section of Article 2953a, Vernon's Civil Statutes, read as follows:

"At any election, if there be an equal number of votes given to two or more persons for the same office, except executive offices as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and shall immediately order another election to fill such office; and notice shall be given, and such other election shall be held in the same manner as the general election. Acts 1876, p. 310; G.L. vol. 8, p. 1146; P.D. 3606."

"Sec. 1. Where special elections are authorized by this Act, the officer authorized by law to order elections shall make such order, fixing the time of the election not less than twenty nor more than ninety days after the first public notice of such order."

It is noted that there were two offices to be filled by the election just held. In one of them there was no tie. The man receiving 74 votes was duly elected. As to the other office there was a tie, two men receiving 70 votes each. As to that office the election was void, under Article 2953. Under that statute another election should be ordered. Article 2953a requires the time of such special election to be fixed at not less than twenty nor more than ninety days after the publication of the order. Such minimum time thus allows for the ten days to file application for a place on the ballot as provided in Article 2746a, and we are of the opinion that such applications, if seasonably filed, should be accepted and the names of such new applicants placed on the ballot for the special election.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/ GLENN R. LEWIS
        Glenn R. Lewis
              Assistant

APPROVED  APR. 15, 1940

s/ GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

GRL:ew/amm

APPROVED  Opinion Committee
By B.W.B. Chairman